**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **STEPHANIE DIGGS,** | **CIVIL ACTION** |
| Plaintiff, | Index No.: 20 Civ. 6301 |
| Against | |
| **NATIONAL RAILROAD PASSENGER CORP.** And **DAVID GAULD,** | **COMPLAINT** |
| Defendants. | |

_____

## PLAINTIFF DEMANDS TRIAL BY JURY

NOW COMES Plaintiff Stephanie Diggs, by and through her attorneys, FLYNN & WIETZKE, P.C. and ROME, ARATA, BAXLEY & STELLY, L.L.C. Attorneys-at-Law, and for her complaint against NATIONAL RAILROAD PASSENGER CORP. ("Amtrak") and David Gauld ("Gauld"), states as follows:

### PARTIES

1. Plaintiff Stephanie Diggs ("Plaintiff" or "Ms. Diggs") was and is still a resident of the State of Maryland; and at all times pertinent hereto, has been a devoted employee of the National Railroad Passenger Corporation, otherwise known as Amtrak, for the past thirty-one (31) years.

2. Defendant National Railroad Passenger Corp. (hereinafter "Amtrak"), including its predecessors, subsidiaries, agents, servants, and employees, at all times pertinent in the part or past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce.

3. Defendant David Gauld ("Gauld") was and is still a resident of the State of New York, and resides at 405 W. 23rd, New York, New York, 10011, in Manhattan.

**JURISDICTION AND VENUE**

4. Plaintiff's claims against Defendant Amtrak arise under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Stephanie Diggs while in the course of her employment with Defendant Amtrak.

5. At all relevant times, Defendant Amtrak and its predecessors in interest were regularly and systematically conducting business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce, and were engaged in interstate commerce and transportation.

6. Defendant Amtrak, including its predecessors, subsidiaries, agents, servants, and employees, at all times pertinent in the past, maintained headquarters and a principal place of business within the City of New York, maintained sales offices within the City of New York, and/or transacted business within the City of New York.

7. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant Amtrak working as a Lead Service Attendant, in furtherance of the carrier's business of interstate commerce and transportation by railroad, assigned to a Washington, DC crew base.

8. Thus, this Court has original subject matter jurisdiction pursuant to 45 U.S.C. §56 as to the FELA claim.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 as to the claim against David Gauld since the claims against Gauld are so related to the FELA claim that they form part of the same case or controversy.

10. This Court also has Diversity Jurisdiction pursuant to 28 U.S.C. §1332 as to the claim against David Gauld since plaintiff and Gauld reside in different states as of the date of filing.

11. This Court has personal jurisdiction over Defendant Gauld because Gauld resides in New York, County, to wit the Boro of Manhattan, within the boundaries of the Southern District of New York.

12. This Court also has personal jurisdiction over Gauld because the alleged tortious acts giving rise to the instant action against Plaintiff in occurred within the Boro of Manhattan, within the boundaries of the Southern District of New York.

## NATURE OF THE ACTIONS

13. This is an action arising under the FELA to recover damages for personal injuries sustained by Plaintiff Stephanie Diggs while in the course of her employment with Defendant Amtrak.

14. This action also is brought pursuant to the general common law to redress the callous attack on Plaintiff Stephanie Diggs by Defendant Gauld while Plaintiff was on duty at her job with Defendant Amtrak.

15. On or about October 10, 2018, while boarding an Amtrak train at New York Penn Station, Gauld violently shoved Plaintiff into the wall of a passenger car of the train so that he could quickly get into his seat.

16. Gauld cruelly shoved Ms. Diggs with such force that she suffered severe physical and psychological injuries, financial loss due to her ongoing inability to work, and severe mental anguish and emotional distress, from which she will never fully recover.

17. Amtrak, in allowing the subject attack to occur, breached its nondelegable duty to provide Plaintiff a safe place to work, subjecting Amtrak to liability under the FELA.

## FACTS COMMON TO ALL CLAIMS

18. On or about October 10, 2018, Plaintiff Stephanie Diggs, as a direct result of Defendants' actions, sustained severe injuries while in the course of her employment with Amtrak as a Lead Service Attendant, assigned to Amtrak Train 2154, while the train was at Amtrak's New York Pennsylvania Station in New York, NY.

19. Ms. Diggs has been a loyal Amtrak employee and has been working with the railroad for over 31 years.

20. On the morning of October 10, 2018, Ms. Diggs was assigned to work as the Lead Service Attendant in the First-Class Amtrak car when she was violently assaulted by Defendant Gauld, an Amtrak passenger.

21. Immediately prior to the subject incident, Ms. Diggs was in the galley of the First-Class car putting away recently delivered stock when she heard someone approaching with luggage. Upon standing and observing Gauld making his way through the galley, Ms. Diggs advised him that the galley was closed to passengers and politely asked that he return to the entrance at which an Amtrak Train Attendant was stationed. When Gauld essentially ignored Ms. Diggs, she once again tried to get his attention by inquiring as to whether he was holding a "first class" or "business class" ticket.

22. However, Gauld completely disregarded Ms. Diggs' attempts at contact; and as he made his way past her—apparently in an attempt to seat himself before anyone else—Gauld suddenly and without warning, violently shoved Ms. Diggs, slamming her head, neck, and back into a protruding corner wall of the passenger railcar as he continued past her and proceeded to a seat.

23. Gauld pushed Ms. Diggs into the wall with such force and hostility that it was all but certain she—or anyone else for that matter—would suffer injury. He slammed her head and neck against the train wall simply so he could get to his seat ahead of others.

24. Following the attack, Plaintiff immediately left her assigned work area and walked three (3) cars down to locate the Amtrak Conductor to report the attack.

25. Then, after the Conductor was able to notify the Amtrak Police Department of the attack, an officer eventually arrived on the scene and finally removed Defendant Gauld from the Train.

26. Amtrak was notified of the assault, and an injured and terrified Ms. Diggs rode away on the train.

27. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

28. Ms. Diggs was thus compelled to undergo significant medical evaluation and treatment for her head, neck and back injuries. In addition, she continues to suffer from recurring, debilitating headaches; extreme light sensitivity; and alarming bouts of dizziness stemming from the injuries to her head, neck and back.

29. Moreover, the vicious attack has caused Ms. Diggs to suffer from post-traumatic stress disorder, anxiety, and depression related to the incident. Ms. Diggs has also suffered substantial sleep disturbance, as she is constantly plagued by flashbacks of the attack.

30. Ms. Diggs sought initial medical evaluation and treatment at St. Vincent's Birmingham Emergency Room Department in Birmingham, Alabama, for treatment. The physicians there ordered a CT scan of her brain and cervical spine.

31. In a further effort to recover from the trauma, Ms. Diggs was also placed in an adult day-treatment program for individuals suffering from post-traumatic stress disorder. After spending two months in this intense outpatient psychiatric care unit, Ms. Diggs continued to receive regular psychiatric and psychotherapeutic care dedicated to helping her process the trauma and return her to her previous level of functioning.

32. Because of injuries caused by the subject incident, Ms. Diggs has been unable to return to the job she once loved. The flashbacks, depression, and debilitating anxiety caused by the subject incident affect her sleep on a daily basis, and this impacts her daytime functioning. She suffers from sudden bouts of sweating and crying as well. Plaintiff is frightened that if and/or when she is allowed to attempt to return to her regular work

at Amtrak, another assault will occur. She is trapped in a never-ending state of fear and anxiety that a stranger will attack her. In fact, Ms. Diggs now feels compelled to "watch her back" at all times.

## CAUSES OF ACTION

### *First Cause of Action: FELA Claim Against Amtrak*

33. Plaintiff repeats and realleges the allegations of the foregoing paragraphs, as if fully set forth herein.

34. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from breaches of the duties owed by Defendant Amtrak to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, *et seq.,* as follows:

   a. Amtrak breached its duty to Plaintiff by failing to provide Plaintiff with a reasonably safe place to work;

   b. Amtrak failed to provide any security, much less reasonable security, aboard the train to which it assigned Plaintiff to work, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals on its trains;

   c. Amtrak failed to provide a crew of sufficient size so as to avoid having its crew including Plaintiff suffer harm to their person or other passengers on the train, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals on its trains;

   d. Amtrak failed to properly train its employees, including Plaintiff, in the manner by which to approach unruly, violent passengers so as to avoid suffering harm to their person or other passengers on the train, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals on its trains;

   e. Amtrak failed to properly warn Plaintiff of the dangers inherent in the place where she was

assigned to work, specifically encounters with violent members of the public, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals on its trains;

f. Amtrak failed to adhere to its non-delegable duty to ensure adequate safety of its employees, including Plaintiff, on its trains;

g. Amtrak failed to promulgate and enforce reasonable policies and procedures, e.g. – having police officers or security guards present on its trains, to ensure adequate safety of its employees including Plaintiff, notwithstanding Amtrak's prior knowledge of myriad unruly, violent individuals on its trains;

h. Amtrak failed to provide any security or even an employee on its loading platform to monitor for unruly, violent individuals on the platform and/or to keep them from boarding the train on the improper cars and/or directing them to the proper places to safely board the trains; and

i. Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

35. Plaintiff's injuries resulted, in whole or in part, from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of the Plaintiff contributing thereto.

36. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

37. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

38. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in

the future lose, substantial time from employment with a significant loss of earnings therefrom.

39. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

40. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery from Amtrak for all sums reasonable in the premises for the following categories of damages:

  a. Physical pain and suffering, past and future;

  b. Severe emotional distress and mental anguish, past and future;

  c. Loss of enjoyment of life, past and future;

  d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

  e. Unpaid medical expenses, past and future.

### *Second Cause of Action: Assault Claim Against Gauld*

41. Plaintiff repeats and realleges the allegations of the foregoing paragraphs, as if fully set forth herein.

42. By reason of the foregoing, Defendant Gauld intentionally placed Ms. Diggs in apprehension of imminent harmful bodily contact.

43. By reason of the foregoing intentional acts of Gauld, Ms. Diggs actually experienced imminent harmful bodily contact.

44. Plaintiff's injuries and damages as herein-described resulted, in whole or in part, from Defendant Gauld's assault upon Plaintiff without any fault or negligence on the part of the Plaintiff contributing thereto.

45. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic

studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

46. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

47. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in the future lose, substantial time from employment with a significant loss of earnings therefrom.

48. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

49. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery from Gauld for all sums reasonable in the premises for the following categories of damages:

    a. Physical pain and suffering, past and future;

    b. Severe emotional distress and mental anguish, past and future;

    c. Loss of enjoyment of life, past and future;

    d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e. Medical expenses, past and future.

50. Plaintiff further avers that she is entitled to punitive and/or exemplary damages from Defendant Gauld to the fullest amount permitted by law.

### *Third Cause of Action: Battery Claim Against Gauld*

51. Plaintiff repeats and realleges the allegations of the foregoing paragraphs, as if fully set forth herein.

52. By reason of the foregoing, Defendant Gauld made bodily contact with Plaintiff and said bodily contact was intentional and offensive in nature.

53. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from Gauld's battery upon Plaintiff without any fault or negligence on the part of the Plaintiff contributing thereto.

54. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

55. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

56. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in the future lose, substantial time from employment with a significant loss of earnings therefrom.

57. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

58. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery from Gauld for all sums reasonable in the premises for the following categories of damages:

    a. Physical pain and suffering, past and future;

    b. Severe emotional distress and mental anguish, past and future;

    c. Loss of enjoyment of life, past and future;

    d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e. Medical expenses, past and future.

59. Plaintiff further avers that she is entitled to punitive and/or exemplary damages from Defendant Gauld to the fullest amount permitted by law.

*Fourth Cause of Action: Intentional Infliction of Emotional Distress Claim Against Gauld*

60. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

61. The aforesaid assault and battery perpetrated by Defendant Gauld amounted to outrageous and extreme conduct.

62. The aforesaid assault and battery perpetrated by Gauld was intentionally, or at least recklessly, carried out for the purpose of causing physical and emotional injuries to Plaintiff.

63. As a direct result of the foregoing acts by Gauld, Ms. Diggs has suffered and will continue to suffer bodily injury, as well as severe mental and emotional distress.

64. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from Gauld's intentional infliction of emotional distress upon Plaintiff without any fault or negligence on the part of the Plaintiff contributing thereto.

65. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

66. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

67. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in the future lose, substantial time from employment with a significant loss of earnings therefrom.

68. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

69. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this

lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery from Gauld for all sums reasonable in the premises for the following categories of damages:

   a. Physical pain and suffering, past and future;

   b. Severe emotional distress and mental anguish, past and future;

   c. Loss of enjoyment of life, past and future;

   d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

   e. Medical expenses, past and future.

70. Plaintiff further avers that she is entitled to punitive and/or exemplary damages from Defendant Gauld to the fullest extent permitted by law.

### *Fifth Cause of Action: Negligent Infliction of Emotional Distress Claim Against Gauld*

71. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

72. The aforesaid assault and battery perpetrated by Defendant Gauld was negligently carried out and resulted in Ms. Diggs' severe emotional distress.

73. In fact, due to the egregious nature of Defendant Gauld's conduct, Gauld also exhibited a reckless disregard for plaintiff or her well being.

74. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from Gauld's negligent infliction of emotional distress upon Plaintiff, without any fault or negligence on the part of the Plaintiff contributing thereto. also amounting to gross negligence

75. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed

medication.

76. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

77. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in the future lose, substantial time from employment with a significant loss of earnings therefrom.

78. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

79. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery from Gauld for all sums reasonable in the premises for the following categories of damages:

    a. Physical pain and suffering, past and future;

    b. Severe emotional distress and mental anguish, past and future;

    c. Loss of enjoyment of life, past and future;

    d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e. Medical expenses, past and future.

### *Sixth Cause of Action: Common Law Negligence Claim Against Gauld*

80. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

81. Plaintiff's accident, injuries and damages as herein-described resulted, in whole or in part, from breaches of the duties owed by Defendant Gauld to Plaintiff under the general common law, in that:

    a. Defendant Gauld failed to act reasonably in his encounter with Plaintiff;

      b. Defendant Gauld failed to refrain from forcefully slamming Plaintiff into the wall of the passenger car such that she suffered injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia;*

      c. Defendant Gauld failed to refrain from shoving Plaintiff's head, neck, and back into a protruding corner wall of the Club Car as he stormed past her and proceeded to a seat; and

      d. Defendant Gauld failed to exercise due care and caution commensurate with the surrounding circumstances.

82. Plaintiff's injuries resulted, in whole or in part, from the negligence of Defendant Gauld as enunciated above, without any fault or negligence on the part of the Plaintiff contributing thereto.

83. The violent attack caused Plaintiff to suffer serious injuries to her head, neck, and back, as well as post-traumatic stress disorder and depression, *inter alia*, for which she has undergone multiple diagnostic studies, extensive physical therapy, and extensive psychological counseling, and has taken prescribed medication.

84. Plaintiff has suffered physical pain and suffering and severe emotional distress and mental anguish, from which she may continue to suffer into the future.

85. Plaintiff's earning capacity has been diminished or destroyed; and Plaintiff has lost, and will in the future lose, substantial time from employment with a significant loss of earnings therefrom.

86. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

87. Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises from Gauld for the following categories of damages:

      a. Physical pain and suffering, past and future;

b.  Severe emotional distress and mental anguish, past and future;

c.  Loss of enjoyment of life, past and future;

d.  Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

e.  Medical expenses, past and future.

**WHEREFORE**, Plaintiff Stephanie Diggs demands judgment in her favor and against Defendants National Railroad Passenger Corp. and David Gauld, jointly and severally, for compensatory damages, as well as punitive and/or exemplary damages from Defendant Gauld, together with costs, interest from date of judgment from all defendants, interest from date of judicial demand from all non-FELA defendants, and any further or additional relief that this Honorable Court deems appropriate.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com

**And**

**ROME, ARATA, BAXLEY
    & STELLY, L.L.C.
C. Perrin Rome, III, Esq.
W. Chad Stelly, Esq.**
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:*Prome@romearata.com*
        *wcstelly@romearata.com*

*Counsel for Plaintiff, Stephanie Diggs*